## The People of the State of Illinois, Appellant, v. George H. Haushalter, Appellee.

1. COUNTY COURTS—*jurisdiction to determine contested election.*
The County Court has by statute final jurisdiction to hear and determine a contested election held upon the proposition as to whether or not particular territory shall be saloon or anti-saloon.

2. ELECTIONS—*when city bound by judgment rendered upon contest.* A city if privy to the contest of an election, is bound by the judgment rendered therein, notwithstanding it was not a party by name.

3. CONSTITUTIONAL LAW—*when waived.* By appealing to the Appellate Court all questions involving the constitutionality of a statute are waived.

*Quo warranto.* Appeal from the Circuit Court of Jersey county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

GEORGE M. SEAGO, for appellant; HAMILTON & HAMILTON, of counsel.

RUFUS M. POTTS and ALFRED ADAMS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

On July 1, 1908, the state's attorney of Jersey county by leave of court filed an information in the nature of *quo warranto* in the name of The People upon the relation of certain residents, legal voters and taxpayers in the city of Jerseyville, against appellee, wherein in the first count it is alleged that appellee held and executed without any warrant or right whatsoever a privilege or license to keep a dram-shop at and upon certain premises in the city of Jerseyville, in the town and county of Jersey; that at an election held in said town of Jersey for the election of officers of said town on April 7, 1908, there was submitted to the legal voters of said town and voted upon at said election the proposition, to wit: "Shall this town be-

come anti-saloon territory?'' And that at the said election a majority of 85 of the legal voters voting upon said proposition voted ''yes,'' and that by virtue of the said election and of the statute in such case made and provided, the said town of Jersey became and hitherto has been and is anti-saloon territory.

The second count alleges that at an election held at the city of Jerseyville in the said town of Jersey on April 21, 1908, for the election of officers of the said city, there was submitted to the legal voters of the said city and voted upon by them at said election, the proposition, to wit: ''Shall this city become anti-saloon territory,'' and at said election a majority of 20 of the legal voters voting upon the said proposition voted ''yes,'' and thereupon the said city became and hitherto has been and is anti-saloon territory; that notwithstanding said election appellee now is and for more than 30 days last past has been engaged in the business of keeping a dram-shop in the said city of Jerseyville under and by virtue of a privilege or license issued to him therefor by the mayor and city council of said city, which said privilege or license is, by virtue of said election and by the statute in such case provided, wholly void and of no force and effect. For answer to the said information appellee filed his plea wherein he averred that as to the election held on April 7, 1908, in the town of Jersey as alleged in said information, the same was thereafter at the May term, 1908, of the county court of Jersey county in a proceeding then had in the said county court under and by virtue of the provisions of section 19 of an act entitled in part, ''An Act to provide for the creation by popular vote of Anti-saloon Territory,'' approved May 16, 1908, in force July 1, 1908, by the final judgment of said court set aside and wholly declared null and void as appears by a certified copy of said judgment which is made a part of said plea; that before and at the time of said election and since, there were and are valid subsisting ordinances of the city of

Jerseyville (which city is situated wholly within the town of Jersey), which ordinances authorized the issuing of dram-shop licenses to persons to keep and conduct dram-shops in the said city, as appears by duly authenticated copies of said ordinances made a part of said plea.

The plea further formally avers the taking by appellee of the necessary steps to procure a license to conduct a dram-shop in the said city of Jerseyville, the issuance of said license by the proper authorities of said city to appellee, and the giving by appellee of the dram-shop bonds required by the statute of the state and by the ordinances of said city, and that appellee was conducting a dram-shop under and by virtue of said license.

The plea further avers that no election was held in the said city of Jerseyville on April 21, 1908, whereby the said city became anti-saloon territory and that the said city was not at the time said information was filed nor since anti-saloon territory. To this plea appellant interposed a general and special demurrer which was overruled by the court and appellant electing to abide the demurrer judgment was entered in bar of the action and for costs.

Several errors are assigned upon the record but the only one which is argued by appellant relates to the question whether the judgment of the county court of Jersey county, pleaded by appellee, constitutes a bar to the information filed by appellant as contended for by appellee. It is conceded by appellant that if such contention of appellee is correct the action of the court in overruling the demurrer to the plea was without error.

Section 19 of the Act relating to the creation by popular vote of anti-saloon territory provides, as follows:

"Any five legal voters of any political subdivision in which an election shall have been held as provided for in this act, may, within ten days after the canvass

of the returns of such election and upon filing a bond
for costs, contest the validity of such election by filing
a verified petition in the county court of the county in
which such political subdivision is situated, setting
forth the grounds for the contest.  Upon the filing of
such petition, a summons shall forthwith issue from
such court addressed in cases of an election in a town,
city or village, to the town, city or village clerk, as
the case may be; and in other cases to the county
board, notifying such clerk or board of the filing of
such petition and directing him or it to appear in such
court on behalf of such political subdivision at the
time named in the summons, which time shall be not
less than five nor more than fifteen days after the
filing of such petition.  The procedure in such cases
shall be the same as that provided by law for the con-
testing of an election upon a subject which shall have
been submitted to a vote of the people, so far as ap-
plicable.  The County Court shall have final jurisdic-
tion to hear and determine the merits of such cases.
Any legal voter in the political subdivision in which
such election shall have been held may appear in per-
son or by attorney, in any such contested case in de-
fense of the validity of such election."

In Saylor v. Duel, 236 Ill. 429, it was held that the
provision in said section that "the County Court shall
have final jurisdiction to hear and determine the merits
of such cases," must be construed as a denial of the
right to an appeal from the judgment of the County
Court in contests under the statute of which said sec-
tion forms a part, and that "By conferring upon the
County Court 'final jurisdiction' the jurisdiction of
all other courts subsequent to the determination in the
County Court is *ex vi termini* excluded."

It is urged that the County Court was without juris-
diction to determine the validity of the election and
that its jurisdiction was limited solely to the deter-
mination of the question whether or not there were
more votes cast for the proposition than against it.
By the express language of the statute jurisdiction is
conferred upon the County Court in a proceeding to

"contest the validity of such election," and giving to the word validity the meaning and significance commonly applied to it we have no doubt that said court is vested with jurisdiction to declare such an election invalid upon a proper showing.

It is said that *quo warranto* being a common law remedy and the Circuit Court being vested by the common law with the power to entertain jurisdiction in such a proceeding, the statute cannot constitutionally oust the Circuit Court of that jurisdiction. The argument upon this question might with propriety be addressed to the Supreme Court for consideration, but as this court is without jurisdiction to consider and determine it appellant has waived the question by appealing to this court.

It is further urged that the people are not bound by the judgment of the County Court because they were not made parties to the proceeding wherein said election was adjudged to be invalid. While not a party to such proceeding by name the people in their sovereign capacity were privy thereto by force of the public legislative enactment whereby final jurisdiction was conferred upon the County Court to hear and determine the merits of the proceeding to contest the validity of such election.

The demurrer to the plea was properly overruled and the judgment of the Circuit Court will be affirmed.

*Affirmed.*